IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERLENE HARRIS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CURTIS ROSS, SANDRA FLOWERS, ) <br> DEPUTY CHIEF G. THOMAS #819, CITY OF ) <br> HARVEY and BOARD OF TRUSTEES AT ) <br> HARVEY PUBLIC LIBRARY DISTRICT, ) <br> ) <br> Defendants. ) | No. 17 C 06332 <br><br> Hon. Virginia M. Kendall |

## **MEMORANDUM OPINION AND ORDER**

Jerlene Harris ("Harris") sued Curtis Ross ("Ross"), Sandra Flowers ("Flowers"), Deputy Chief G. Thomas ("Officer Thomas"), the City of Harvey ("City"), and the Board of Trustees at Harvey Public Library District ("Board") pursuant to 42 U.S.C. § 1983 ("Section 1983"); the Illinois State Official and Employee Ethics Act ("Ethics Act"), 5 ILCS 430 §§ 15-5; -10; -20; the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10 § 9-102; and malicious prosecution under Illinois common law. (Dkt. No. 1.) The Defendants seek dismissal for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), (Dkt. No. 26), and the Court grants the motion for the following reasons. [26.]

## **BACKGROUND**[1]

Harris was an elected trustee on the Board at the Harvey Public Library whose role included voting on various matters such as allocation of funds. (Dkt. No. 1, at ¶¶ 12, 14.) Harris

---

[1] This Court takes all facts alleged in the Complaint as true for the purpose of this motion. *See Vinson v. Vermillion Cnty, Ill.*, 776 F.3d 924, 925 (7th Cir. 2015). Additionally, the exhibits attached to the Complaint are incorporated into the pleading for the purpose of Rule 12(b)(6) motions. *See Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

1

was "an outspoken critic of what she viewed as Board waste and misappropriation of funds." (*Id.* ¶ 15.) At some point Harris noticed that the Board was holding "undisclosed, private secret" board meetings without her and complained to the Illinois Attorney General's Office "concerning the Board's violations of the Illinois Open Meetings Act." (*Id*. ¶¶ 17, 18.) She believed there were irregularities in the Board's budget and that the secret meetings pertained to employee raises and Christmas/holiday bonuses. (*Id*. ¶¶ 16, 17.) In February 2016, Harris requested financial reports documenting the Board's expenditures from Library Director Flowers. (*Id.* ¶¶ 6, 20.) In March 2016, after Flowers failed to "adequately respond to this request," Harris sent Flowers a Freedom of Information Act ("FOIA") request for the documents. (*Id*. ¶¶ 20, 21.) Harris never received an adequate response but asserts these requests led to her subsequent arrest. (*Id*. ¶ 22.) On March 24, 2016, Officer Thomas of the Harvey Police Department conducted a warrantless arrest of Harris for assault and disorderly conduct "based on an incident that purportedly occurred months earlier." (*Id*. ¶¶ 8, 26, 27); (Dkt. No. 26, Ex. A.) Harris alleges that prior to this arrest, Defendant Flowers "enlisted Ross [a library maintenance employee] and [Officer] Thomas into a conspiracy" to create "false narratives and fabricated police reports" along with the rest of the Board. (*Id*. ¶¶ 7, 23, 24). Harris contends that Flowers and the Board's conspiracy was fueled by "consequences of a public corruption probe," and that the arrest prevented her from participating in a vote concerning the Board's expenditures. (*Id.* ¶¶ 23, 25).

## LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine whether the plaintiff fulfilled her obligation to provide more than "labels and conclusions" and something beyond "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). Even though the pleading standard does not require probability, it does impose a plausibility requirement in that a plaintiff must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the elements of the asserted claims. *Bell Atl. Corp.*, 550 U.S. at 556. In order to satisfy this, a plaintiff must assert "well-pled facts—that is, not just legal conclusions" that are more than "[t]hreadbare recitals of the elements" that would lead a court to conclude that these allegations are at least plausible. *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). At the 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S. at 572. Furthermore, well-pled facts are viewed in the light most favorable to the plaintiff. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

## DISCUSSION

Harris' Complaint includes seven counts: (1) false arrest and unreasonable seizure pursuant to Section 1983 against Ross, Flowers and Thomas; (2) civil conspiracy pursuant to Section 1983 against all Defendants; (3) retaliation against a whistleblower pursuant to Ethics Act against all Defendants; (4), (5) malicious prosecution pursuant to Illinois common law against Flowers and Officer Thomas; and (6), (7) vicarious liability pursuant to the Tort Immunity Act against the City and the Board. *See generally* (Dkt. No. 1). With the exception of Counts V and VI, the Defendants seek dismissal of the remaining claims requiring the Court's analysis. *See generally* (Dkt. No. 26).

1. **False Arrest and Conspiracy**

The false arrest and conspiracy charges pursuant to Section 1983 run hand-in-hand because Harris relies on each count for the other to survive. The false arrest claim relies on the conspiracy claim because Harris grounds her false arrest on facts suggesting that Officer Thomas met with and "created false narratives and fabricated police reports" in order to effectuate her eventual arrest for assault and disorderly conduct. (Dkt. No. 1, ¶ 24.) The conspiracy count only survives if there is proof of a constitutional injury in fact. *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) (finding no claim for conspiracy where there is no constitutional injury underscoring the conspiracy). Harris asserts that she was falsely arrested because there was no probable cause to make the arrest. (Dkt. No. 1, ¶ 29.)

To prevail on a false-arrest claim under Section 1983, a plaintiff must adequately plead a lack of probable cause. *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016). An officer has probable cause to arrest if "at the time of the arrest, the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. *Id*. (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). Evaluation of probable cause turns "not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer – seeing what he saw, hearing what he heard." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

Harris' only statements suggesting Thomas lacked probable cause are as follows: (1) the arrest occurred as a result of an incident that purportedly occurred months earlier, (Dkt. No. 1, at ¶ 26); and (2) the arrest occurred "despite the Defendant officer's knowledge that there was no

probable cause for doing so under color of State law," (*Id.* ¶ 29). These bare facts and accusations alone are insufficient to plausibly infer that Officer Thomas lacked probable cause because Thomas received information from a victim—Flowers—about a prior event suggesting that Harris assaulted her. *See, e.g., Edwards v. Cabrera*, 58 F.3d 290, 294 (holding totality of the circumstances warranted finding of probable cause based on information provided by a citizen informant). Furthermore, Harris' statement regarding the lack of probable cause is a legal conclusion, not a factual allegation. Even assuming the information provided by Flowers was incorrect or false, the police officer's determination at the time was reasonable based on the totality of the circumstances. *Johnson v. Saville*, 575 F.3d 656, 659-60 (7th Cir. 2009) (probable cause is a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged and the credibility of a witness is a common factor); *U.S. v. Dessart*, 823 F.3d 395, 401 (7th Cir. 2016) (even mistaken suspicions can form the basis of probable cause by an arresting officer). Harris' allegation that Officer Thomas met with Board members prior to the arrest is accusatory and unsupported by any additional facts, and so it does not receive the same benefit as well-pled facts.

Even construing the facts in a light most favorable to the Plaintiff, Officer Thomas was informed of an incident that occurred months earlier that, in the circumstances at the time, led him to believe that Harris committed assault. Whether the information he received was incorrect or he was mistaken has no effect on establishing the existence of probable cause. *See Kelley*, 149 F.3d at 646 (the test for probable cause is objective and requires an inquiry into whether a reasonable officer would have believed the person had committed the crime ... even if the belief would have been mistaken). Accordingly, Harris' claim for false arrest (Count I) is dismissed

for failure to state a claim, and her claim for conspiracy (Count II) fails too for failure to assert a constitutional injury forming the basis of the conspiracy.

   **2. Ethics Act Claim and Malicious Prosecution Claims**

In her opposition to Defendants' Motion to Dismiss Harris concedes that her claims for retaliation against a whistleblower pursuant to Ethics Act, 5 ILCS 430 §§ 15-5, -10, -20, and for malicious prosecution against Flowers should be dismissed. (Dkt. No. 29, at 1, 9-10.) She asserts that the former should rather be brought in an amended complaint as a count under the Whistleblower Act, 740 ILCS 174 § 1, *et seq.*, and admits that her malicious prosecution claim against Flowers is time-barred. (*Id*. at 1-2, 7-8.) As such, Counts III and IV are dismissed.

   **3. Civil Liability Against the Board**

Remaining are Harris' counts for malicious prosecution against Officer Thomas (Count V), and claims for civil liability against the City of Harvey (Count VI) and against the Board of Trustees (Count VII). While the Defendants do not seek dismissal of Counts V and VI, they assert that Count VII for civil liability against the Board should be dismissed because they are not a proper party to the proceeding. (Dkt. No. 26, at 9.) The Illinois Tort Immunity Act provides that "[a] local public entity is empowered and directed to pay any tort judgment ... for compensatory damages ... for which *it or an employee while acting within the scope of his employment is liable* in the manner provided in this Article." 745 ILCS 10 § 9-102 (emphasis added). This count now fails for two reasons.

First, the only individual allegedly acting within the scope of the Board's employment was Flowers,[2] and her tort claims are dismissed for the reasons set forth above. Accordingly, seeing as the only remaining claims are against the individual officer for malicious prosecution and vicarious liability against the officer's employer—the City of Harvey, the claim for civil

---

[2] Defendant Ross was employed by the City of Harvey Public Library, not the Board of Trustees. (Dkt. No. 1, ¶ 7.)

liability against the Board is dismissed because there currently is no applicable injury upon which the Board may be held liable under § 9-102.  Second, the state law claims are before the Court pursuant to supplemental jurisdiction of the federal question claims that are now dismissed.  As the District Court has the discretion not to exercise supplemental jurisdiction over pendent state law claims when it dismisses the claims over which is has original jurisdiction, the claim against the Board is also dismissed.  *See Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008).

## CONCLUSION

Based upon the foregoing, the Court grants the motion to dismiss.  [26.]  The Plaintiff's Counts I, II, III, and VII are dismissed without prejudice for failure to state a claim upon which relief may be granted.  Count IV is dismissed with prejudice as time-barred.  The Plaintiff must file an amended complaint on or before May 20, 2018

_____
Hon. Virginia M. Kendall
United States District Judge

Date: April 27, 2018